UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS

| | |
|---|---|
| **JEFFERY MONEA,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) Civ. Action No. _____ |
| **v.** | ) |
| | ) Jury Demand |
| | ) |
| **THE LINCOLN NATIONAL LIFE** | ) Electronically Filed |
| **INSURANCE COMPANY,** | ) |
| | ) |
|     **Defendant.** | ) |
| | ) |

## NOTICE OF REMOVAL

The Defendant, The Lincoln National Life Insurance Company ("Lincoln National"), pursuant to the provisions of 28 U.S.C. § 1441, respectfully submits this Notice of Removal for the purpose of removing the above-captioned action from the County Court of Dallas County, Texas to the United States District Court for the Northern District of Texas. As grounds for this Notice of Removal, the Defendant states as follows:

1. On or about August 23, 2012, the Plaintiff, Jeffery Monea, filed a Complaint and Summons in the above-captioned action in the County Court for Dallas County, Texas, Case No. CC-12-05208-C. The County Court for Dallas County, Texas is a state court within this judicial district and division.

2. The Defendant, Lincoln National, was served with a copy of the Summons and Complaint on September 4, 2012, through service on Corporation Service Company, its registered agent for service of process in the State of Texas. Lincoln National was served with a

copy of the Summons and Complaint on a date less than thirty days before the filing of this Notice of Removal.

3.      This action is of a civil nature wherein the Plaintiff seeks the recovery of certain short term disability benefits that he alleges are due under the terms of an employee welfare benefit plan (the "Plan") sponsored by his employer, American Community Newspapers II, LLC. Short term disability benefits under the Plan are funded by group short term disability insurance policy no. 000400125689 (the "STD Policy") issued by Lincoln National to American Community Newspapers II, LLC.  Declaration of James Beyer, ¶ 3, STD Policy, Exhibit 1.[1]

4.      Plaintiff asserts a number of claims premised upon state statutory and common law, including, but not limited to breach of contract, breach of a duty of good faith and fair dealing and violations of Texas Insurance Code and the Texas Deceptive Trade Practices Act. Complaint, ¶¶ VI - X.  Plaintiff has requested an award of compensatory and punitive damages premised upon Lincoln National's alleged failure to pay the Plaintiff certain short term disability benefits that he claims are due under the terms of the Plan and the STD Policy.  *See generally*, Complaint.

5.      Removal is proper because this Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)(1).  First, the parties are citizens of different state.  Specifically, the Defendant, Lincoln National, is organized and existing pursuant to the laws of the State of Indiana with its principal places of business located at 1300 South Clinton Street, Fort Wayne, Indiana and 8801 Indian Hills Drive, Omaha, Nebraska.  Declaration of James Beyer, ¶ 9.  The Plaintiff is a citizen and resident of Dallas County, Texas.  Complaint, ¶ II.

6.      Therefore, the diversity of the Plaintiff is completely diverse of the Defendant.

---

[1]      The Declaration of James Beyer has been filed contemporaneously with this Notice.

7. Second, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. In this case, the Plaintiff has filed suit asserting numerous causes of action stemming from Lincoln National's alleged improper denial of his claim for short term disability benefits under the STD Policy issued by Lincoln. *See generally*, Complaint. The Plaintiff alleges that he is entitled to recover short term disability benefits as a result of Lincoln National's breach of the STD Policy. Complaint, ¶ VI. The Plaintiff further alleges that Lincoln National's denial of his claim for disability benefits constitutes a violation of a common law duty of good faith and fair dealing. Complaint, ¶ VIII. In addition, Plaintiff alleges that the conduct of Lincoln National constitutes unfair claims settlement practices in violation of various provisions of the Texas Insurance Code and the Texas Deceptive Trade Practices Act. Complaint, ¶¶ VII and IX. Finally, Plaintiff alleges that Lincoln National's conduct warrants an award of punitive and treble damages. Complaint, ¶ X.

9. With respect to the damages that the Plaintiff is seeking to recover in this action, he alleges that Lincoln National's alleged improper conduct entitles him to recover damages under the STD Policy (short term disability benefits), statutory damages and penalties under various Texas statutes and regulations, damages for emotional distress and mental anguish, other unspecified actual and consequential damages, punitive and treble damages and attorneys' fees. *See generally*, Complaint. The Plaintiff does not allege that he is entitled to recover a specific amount of damages. Instead, Plaintiff asserts in his prayer for relief that he receive:

    1. Judgment against [Lincoln National] for a reasonable and just sum in excess of the minimal jurisdictional limits of the Court;

    2. Judgment for all exemplary, punitive, additional, treble and any and/or all other damages as allowed and defined by

>>statute or common law for the outrageous and egregious conduct of [Lincoln National];

>> …

>>4.   Judgment for reasonable attorney's fees;

Complaint, Prayer for Relief.

10.   Where the plaintiff's state court petition does not allege a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 in order to establish jurisdiction. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).  In determining the amount in controversy where the plaintiff does not specify the specific amount of damages sought, the district court considers items for which the defendant can be liable under state law, including, contractual damages, attorneys fees, penalties, statutory damages and punitive damages. *St. Paul Reinsurance Co.*, 134 F.3d at 1253; *accord Wofford v. Allstate Ins. Co.*, No. Civ. A. 304CV2699-M, 2005 WL 755761 at *2 (N.D. Tex. April 4, 2005)(citations omitted).

11.   The Plaintiff alleges that his "disability" arose on or about May 19, 2011.  Lincoln National initially determined that Plaintiff was eligible to receive STD benefits under the STD Policy and it paid short term disability benefits to the Plaintiff for the period 1 week and 1 day, until such time as it determined that he was no longer eligible to receive such benefits under the STD Policy.  Declaration of James Beyer, ¶ 5.

12.   The Maximum Benefit Period under the STD Policy is 13 weeks.  Declaration of James Beyer, ¶ 6, Exhibit 1.

13.   The STD Policy provides:

>**Duration**.  Benefits start on the Day Benefits Begin, and end on the earliest of:

   (1)  the date the Insured Person ceases to be Totally Disabled or dies;

   (2)  the date the Maximum Benefit Period ends; or

   (3)  the date the Insured Person is able, but chooses not to engage in Partial Disability Employment in his or her Own Occupation.

   Proportional benefits will be paid for a partial week of Total Disability.

   At the Company's option, benefits may also be denied or suspended on any of the following dates:

   (1)  the date the Insured Person (without good cause):

     (a)  fails to take a required medical exam; or

     (b)  fails to cooperate with an examiner; or

     (c)  postpones a required exam more than twice; or

   (2)  the 45th day after the Company requests additional proof, if not given.

Declaration of James Beyer, ¶ 7, Exhibit 1.

  14.  Assuming that the Plaintiff is "totally disabled," as that term is defined under the STD Policy, and the Plaintiff otherwise is eligible to receive benefits under the terms and conditions of the STD Policy, the Plaintiff's weekly benefit is 60% of his earnings, or $674.00 per week. Assuming that Plaintiff prevails on his claim for short term disability benefits and that Lincoln National is obligated to pay the Plaintiff short term disability benefits for the Maximum Benefit Period under the STD Policy, the Plaintiff would be entitled to receive approximately $8,088 in short term disability benefits. Declaration of James Beyer, ¶ 8.

  15.  In addition, the various Texas statutes and regulations cited by the Plaintiff in her state court Complaint provide for the trebling of any contractual damages, as well as attorneys

fees.  Complaint, ¶ X and Prayer for Relief.  The Plaintiff also has requested an award of punitive damages.  Complaint, ¶ X and Prayer for Relief.

16.     Under the numerous theories alleged by the Plaintiff, the law of the State of Texas would permit a recovery in excess of $75,000, exclusive of interest and costs, if the Plaintiff were to prevail.  In addition, the Plaintiff does not limit the damages he seeks in his Prayer for Relief.  In light of the seriousness of the allegations made by the Plaintiff and the request for treble damages and penalties under Texas insurance and deceptive trade statutes, as well as the request for punitive damages, the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

17.     A copy of all process, pleadings, and orders served on the Defendant, Lincoln National, in this action prior to the filing of this Notice of Removal is included in the Index of State Court Documents that has been filed contemporaneously with this Notice of Removal and incorporated herein.  No other process, pleadings or orders have been filed in connection with this action in the County Court for Dallas County, Texas, Case No. CC-12-05208-C.

WHEREFORE, the Defendant, The Lincoln National Life Insurance Company, respectfully submits, based upon the allegations set forth in this Notice of Removal that this action is properly removed and request that this Court retain jurisdiction over this action.

Dated:  September 24, 2012.

Respectfully submitted,

/s/ John M. Scannapieco
John M. Scannapieco
Tenn. Reg. No. 14473
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, Tennessee 37203
(615) 252-2352
jscannapieco@babc.com

*Attorneys for the Defendant, The Lincoln National Life Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically by operation of the Court's electronic filing system or via U.S. first class mail, postage pre-paid, to Mark A. Ticer, Esq. and Jennifer W. Johnson, Esq., Law Office of Mark Ticer, 4144 N. Central Expressway, Suite 1255, Dallas, Texas 75204 on this 24th day of September, 2012.

/s/ John M. Scannapieco
John M. Scannapieco